UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAHED MUHAMMAD | CIVIL ACTION |
| VERSUS | NO. 07-1745 |
| AMERICAN SECURITY INSURANCE COMPANY | SECTION "T" |

**ORDER AND REASONS**

Before the Court is a Motion to Remand filed by the Plaintiff, [Rec. Doc. No. 7] alleging that this Court lacks diversity subject matter jurisdiction. This Motion to Remand was taken under submission without opposition by the Defendant, and set for hearing on the briefs on June 20, 2007. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED.**

**I.   LAW AND ANALYSIS**

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. §1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995), cert. denied, 516 U.S. 865 (1995). Any ambiguities are

1

construed against removal. Tomlinson v. St. Paul Fire and Marine Insurance Co., 2006 WL 2632105 citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

Here, the Plaintiff and Defendant agree that there is diversity of citizenship.  However, the Plaintiff asserts that the amount in controversy does not exceed $75,000 and argues, therefore, that the federal court has no diversity jurisdiction over the matter.  To this end, Plaintiff has filed a Stipulation into the Record stating unequivocally that he does not have damages which exceed $75,000, that he will not seek nor accept an award in excess of $75,000, and that the stipulation is binding and irrevocable both in federal and state court.  [Rec. Doc. No. 9].  Without the requisite $75,000 in controversy, the Court cannot properly exercise jurisdiction in this case.

For the reasons stated above**,  IT IS ORDERED** that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 28th day of June, 2007.

_____
**G. THOMAS PORTEOUS**
**UNITED STATES DISTRICT JUDGE**

2